UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-23196-CIV-GOODMAN
[CONSENT CASE]

MICHELLE BARLATIER,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

    Defendant.

_____/

## ORDER ON SUMMARY JUDGMENT MOTIONS

This case challenges a denial of social security benefits. Plaintiff Michelle Barlatier and Defendant Kilolo Kijakazi[1], Acting Commissioner of the Social Security Administration ("Commissioner"), filed cross-motions for summary judgment. [ECF Nos. 29; 32]. The Commissioner's summary judgment motion also served as her opposition response to Barlatier's motion. [ECF No. 33]. Barlatier filed a reply/response in opposition. [ECF Nos. 34-35]. The parties' consented to the Undersigned's jurisdiction [ECF No. 21] and the matter was referred to me for all further proceedings [ECF No. 22].

---

[1]     Plaintiff's initial suit was brought against Andrew Saul, the Acting Commissioner at the time of filing. Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi should be substituted for Andrew Saul as the suit's Defendant.

As explained below, the Undersigned **grants** Barlatier's summary judgment motion, **denies** the Commissioner's summary judgment motion, and **remands** the matter to the Administrative Law Judge (the "ALJ") for additional proceedings to make further factual findings on why Dr. Abreu's medical opinion is internally inconsistent and inconsistent with her treatment notes.

I.  **Issues on Appeal**

Barlatier raises two arguments in support of her request for remand: (1) The ALJ did not properly evaluate the medical source opinions; and (2) the ALJ's assessment of Barlatier's allegations is unsupported by substantial evidence and inconsistent with Social Security Ruling 16-3p. [ECF No. 29].

II.  **Standard of Review**

In evaluating a claim for disability benefits, an ALJ must follow the five steps outlined in 20 C.F.R. §§ 416.920(a) and 404.1520, which the Undersigned summarizes as follows:

1.  **Step one**. Is the claimant performing substantial gainful activity? If not, then an ALJ next determines:

2.  **Step two**. Does the claimant have one or more severe impairments? If the claimant does, then an ALJ next considers:

3.  **Step three**. Does the claimant have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled; if not, then an ALJ must determine the claimant's residual functional capacity ("RFC"); and then determine:

4. **Step four**. Based on the RFC, can the claimant perform his or her past relevant work? If so, then the claimant is not disabled. If the claimant cannot perform his or her past relevant work, then an ALJ must finally determine:

5. **Step five**. Based on the claimant's age, education, and work experience, and the RFC, can he or she perform other work? If so, then the claimant is not disabled. If not, then the claimant is disabled and entitled to benefits.

*See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

The claimant bears the burden of proving that he is disabled within the meaning of the Social Security Act. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). In reviewing the decision, the Court must consider the record as a whole and determine whether the ALJ applied the correct legal standard and whether substantial evidence in the record supports her findings of fact. *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Phillips*, 357 F.3d at 1240 n.8 (internal citation omitted).

The Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal citation omitted). And "[i]f the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Id.* (internal citation omitted).

The Court is authorized to enter a judgment affirming, modifying, or reversing the decision of an ALJ, with or without remand. 42 U.S.C. § 405(g); *Crawford & Co. v. Apfel*,

235 F.3d 1298, 1302 n.13 (11th Cir. 2000).

**III.   Analysis**

    **A.   Evaluation of Medical Source Opinions**

On this issue, Barlatier raises multiple arguments in support of remand. First, she claims that the ALJ erred in discounting the opinion of Dr. Abreu (a treating medical source) because this Circuit's "longstanding" precedent requires an ALJ to accord a treating physician substantial weight absent a finding of good cause to not heed the opinion. [ECF No. 29]. Under this theory, because the ALJ did not articulate good cause, his assessment of Dr. Abreu's opinion was flawed. *Id.* As a fallback argument, Barlatier alleges that the ALJ's assessment of all three medical sources is unsupported by substantial evidence. *Id.* The Commissioner disagrees with Barlatier's arguments in all respects.

Barlatier's first argument can be summarily rejected. As the Commissioner notes in her response, because Barlatier applied for benefits after March 27, 2017, the ALJ applied a new set of regulations for evaluating medical opinions and prior administrative medical findings, as set forth in 20 C.F.R. § 416.920c.

As a preliminary matter, under the new regulations, the SSA "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a). In evaluating medical opinions and prior

administrative medical findings, the SSA considers the following factors: (1) Supportability; (2) Consistency; (3) Relationship with the Claimant; (4) Specialization; and (5) Other relevant factors. 20 C.F.R. § 416.920c(c)(1)-(5). The SSA prioritizes (c)(1), supportability, and (c)(2), consistency, when assessing the persuasiveness of any given medical opinion. 20 C.F.R. § 416.920c(a).

As the Commissioner correctly notes, the revised regulations explicitly **remove** the "treating source rule," which required a certain level of deference to a claimant's treating physician. *Compare* 20 C.F.R. § 416.920c *with* C.F.R. § 416.927. Despite this change, Barlatier argues that Eleventh Circuit decisions analyzing prior regulations -- which were either silent on the issue of deference afforded to treating physicians[2] or explicitly required ALJs to defer to treating physicians -- should control the ALJ's analysis instead of an SSA regulation which explicitly instructs ALJs to not afford any special weight to a claimant's treating physicians.

Barlatier is not the first litigant to make this argument. Indeed, Barlatier's argument that the 2017 revision must yield to judicial precedent has been thoroughly

---

[2] The decisions issued before the SSA's promulgation of the treating physician rule did not hold that this standard was required by the Act or the Constitution, "[r]ather, the courts of appeals . . . articulated their treating physician precedent *in the absence* of a definitive regulation by the Secretary." 56 Fed. Reg. at 36,934 (emphasis added); *see also Schisler v. Heckler*, 787 F.2d 76 (2d Cir. 1986) (ordering attorneys representing the SSA to inform its adjudicators that this rule was in fact SSA policy because the current regulations were silent on the issue).

5

examined and rejected by courts throughout the country. *See, e.g., Ramos v. Kijakazi*, No. 20-23478-CIV, 2021 WL 5746358, at *9-13 (S.D. Fla. Nov. 9, 2021), report and recommendation adopted sub nom. *Ramos v. Kijakazi*, No. 20-CV-23478, 2021 WL 5743332 (S.D. Fla. Dec. 2, 2021) (2017 amendment to the regulations controlled the ALJ's analysis despite Eleventh Circuit precedent concerning treating source rule); *Douglas v. Saul*, No. 4:20-CV-00822-CLM, 2021 WL 2188198, at *4 (N.D. Ala. May 28, 2021) (holding that because the SSA's 2017 revision is entitled to *Chevron* deference, "the court will apply the 2017 regulations—not the treating physician rule—to the ALJ's evaluation of the opinion evidence"); *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882-83 (D. Vt. 2021) (applying the 2017 revision despite prior Second Circuit precedent requiring treating source preference); *Jones v. Saul*, No. 2:19-CV-01273 AC, 2021 WL 620475, at *8-10 (E.D. Cal. February 17, 2021) (rejecting contention that court must apply Ninth Circuit's treating source rule because it pre-dates the SSA's formal adoption of the rule); *Patricia F. v. Saul*, No. 19-5590-MAT, 2020 WL 1812233, at *4 (W.D. Wash. Apr. 9, 2020) (holding *Chevron* deference requires court to defer to 2017 revision despite long standing Ninth Circuit case law requiring a preference for treating sources). The Undersigned rejects it for the same reasons.

Therefore, the Undersigned evaluates the ALJ's decision to see if, guided by 20 C.F.R. § 416.920c, there is substantial evidence supporting the ALJ's determination that

Dr. Abreu's opinion was not persuasive and the opinions of Drs. Green and DeCubas were persuasive.

> The ALJ had this to say about Dr. Abreu's opinion:
>
> The opinion of Dr. Alba Abreu [] is not persuasive as the limitations she imposed on the claimant are not consistent internally and with her treating records, as well as with the other substantial evidence that shows that although the claimant has some reduced social skills, she is able to care for herself and her children, and can drive, take public transportation, shop[,] cook, keep appointments, and manage her own money.

(R. 30). Before reaching this conclusion, the ALJ detailed at length Barlatier's medical records, including those from Dr. Abreu. (R. 24-30).

In this lengthy pre-conclusion discussion, the ALJ highlights findings from Dr. Abreu which could be read as being inconsistent with Dr. Abreu's ultimate medical opinion. *See* (R. 28-29, 866, 872, 882, 888 (finding that Rodriguez displayed fair concentration, insight, judgment, and reliability)). Indeed, the Commissioner urges that the Undersigned should read the ALJ's decision as a whole and find that those sections support the ALJ's ultimate determination concerning the consistency of Dr. Abreu's opinion "internally and with her treating records." [ECF No. 32, p. 15 n.5].

This argument, however, is fatally flawed. Although reading the ALJ's full decision could support the ALJ's reasoning concerning the inconsistency with Dr. Abreu's treatment records, it does nothing to explain *how* Dr. Abreu's opinion is internally inconsistent. On this point, the Commissioner argues only that "[i]n apparent (internal) conflict [with her opinion], however, [Dr. Abreu] also noted that Plaintiff's

7

symptoms improved with medication, only declining when in medication noncompliance . . . ." Barlatier's reply to this argument -- that the reference to improvement could mean that Dr. Abreu's findings are Barlatier's maximum capabilities and her condition could worsen -- is persuasive.

At bottom, the ALJ's decision does not explain how he reached the conclusion that Dr. Abreu's findings are internally inconsistent. This omission has rendered the Undersigned unable to "conduct [a] meaningful review" of the ALJ's decision because he fails to state "the grounds for his decision with clarity." *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Thus, remand on this issue is required.

Barlatier also contends that the ALJ erred in his analysis of Drs. Green and DeCubas, who opined that Barlatier is "able to perform light exertion and can perform the basic demands of unskilled work with some social limitations." Her argument on this issue is unavailing. After his lengthy discussion of the record evidence -- including the medical records -- the ALJ determined that Drs. Green and DeCubas' opinions were consistent with the "evidence of record that shows the claimant has degenerative joint disease, is obese and has some limitations with concentration and immediate memory; however, she is able to care for herself and her children, and can drive, take public transportation, shop[,] cook, keep appointments, and manage her own money." (R. 30).

The ALJ's justification for finding these opinions persuasive is supported by the substantial evidence of his earlier considerations, as well as the available record evidence.

Barlatier highlights medical records and other evidence that she believes the ALJ should have weighed more heavily and urges the Court to assign error on this basis. But "the ALJ [is not required] to 'specifically refer to every piece of evidence in [his] decision,' so long as the decision is sufficient to allow [the Court] to conclude that the ALJ considered the claimant's medical condition as a whole." *Castel v. Comm'r of Soc. Sec*, 355 F. App'x 260, 263 (11th Cir. 2009) (quoting *Dyer*, 395 F.3d at 1211).

It is not within this Court's purview to evaluate the entire record and reweigh the evidence -- even if it preponderates against the ALJ's findings -- because, as long as those findings are supported by substantial evidence, then the ALJ's decision will not be disturbed. Thus, the ALJ did not err in the weight he accorded the opinions of Drs. Green and DeCubas.

### B. Evaluation of Barlatier's Hearing Testimony

In Barlatier's view, "[t]he ALJ's rationale for rejecting [her] allegations of limitations are unsupported by the substantial evidence of record." [ECF No. 29]. She also contends that the ALJ ran afoul of SSR 16-3p by engaging in what she calls "an overall assessment of credibility" through his questioning on the topic of her children. Neither argument has merit.

Among other reasons, the ALJ found Barlatier's testimony concerning the severity of her condition inconsistent with her "activities of daily living," ability to drive, and ability to care for her children. (R. 30).

Barlatier cites *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094. 1108 (11th Cir. 2021) for the proposition that "it goes almost without saying that many people living with severe mental illness are still capable of eating, putting on clothes in the morning, and purchasing basic necessities. None of those activities, however, say much about whether a person can function in a work environment—with all of its pressures and obligations—on a sustained basis." [ECF No. 29].

In making this argument, however, Barlatier trivializes the extent of her home activities. She does far more than eat, put on clothes, and purchase basic necessities. The ALJ's analysis reveals the expansive number of tasks that fall within Barlatier's "daily activities": She "does light housework, cooks and shops at Walmart and Publix . . . goes to the laundromat to do her laundry . . . drives her children to and from school and is able to keep appointments for herself and her children . . . attends church . . . is able to care for her personal needs and hygiene independently . . . [and] is able to drive and take public transportation." (R. 23). Her admission to living a full and independent life -- which includes caring for two minor children -- undercuts her hearing testimony about the severity of her conditions. Thus, there is no basis to remand on this issue.

Finally, Barlatier's argument concerning the ALJ's alleged "credibility"-focused questioning amounts to mere supposition. Although Barlatier attributes a veracity-based motivation to the ALJ's questioning about how she cares for her children while working, this interpretation is a stretch. Rather, the ALJ asks Barlatier how she cares for her children -- a relevant consideration -- and then makes sure that she understands that the fact that she has children is not a basis for a disability finding and she still must show that she is unable to work.

In sum, there is substantial evidence supporting the ALJ's determination that Barlatier's statements concerning the intensity, persistence, and limiting effects of her disabilities were inconsistent with the record evidence concerning her extensive daily activities. Further, nothing in the ALJ's questioning indicates that he improperly shifted his focus to Barlatier's credibility. Therefore, there is no basis for remand on either of these grounds.

## IV.  Conclusion

The Undersigned **grants** Barlatier's summary judgment motion, **denies** the Commissioner's summary judgment motion, and **remands** the case for further proceedings before the ALJ. On remand, the ALJ is instructed to make further factual findings about **why** Dr. Abreu's opinion is internally inconsistent and to explain in his discussion of Dr. Abreu's opinion which evidence he is relying upon to reach that conclusion (as well as his conclusion about why Dr. Abreu's opinion is inconsistent with

her treatment notes). It is within the ALJ's discretion to determine whether additional evidence is needed to address either of these issues. Once the ALJ completes this additional analysis, he shall determine if his conclusion about the persuasiveness of Dr. Abreu's opinion remains the same and whether his conclusion concerning whether Barlatier is disabled remains the same.

**DONE AND ORDERED** in Chambers, Miami, Florida, on August 22, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All counsel of record